UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INSTANT REPLAY SPORTS, INC.<br>ET AL. | CIVIL ACTION |
| VERSUS | NO:  06-6984<br>C/W NO: 06-7545 |
| ALLSTATE INSURANCE COMPANY<br>ET AL. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED**  that the motions to remand to state court of Instant Replay

Sports, Inc. and Charles Orzehoskie are **GRANTED**, and the case is **REMANDED** to the 22nd

Judicial District Court for the Parish of St. Tammany, State of Louisiana.  (Documents # 16 and

#18.)

## I. BACKGROUND

Instant Replay Sports, Inc. (Instant Replay) is a corporation, which sold sports equipment

at 4040 Pontchartrain Drive, Slidell, Louisiana, before Hurricane Katrina.[1]  Charles Orzenhoskie

is the president and manager of Instant Replay.  In 1996, Orzenhoskie purchased a business

---

[1]    Since Hurricane Katrina,  Instant Replay is located at 861 Brownswitch Road in
Slidell.

insurance policy with a limit of $150,000 from Don Adoue, an agent for Allstate Insurance

Company (Allstate).  Each year, the policy was renewed with minimal changes.  In the late

1990s, the contents coverage limit was increased to $200,000, and on September 3, 2004, it was

increased to $400,000.  In August 2005, Orzenhoskie asked Adoue if Instant Replay was fully

covered for hurricane damage, and Adoue assured that there was coverage.

As a result of Hurricane Katrina, the building and its contents sustained over $900,000 in

damage from wind and flood.  After extensive interviews and requests for documentation,

Allstate has not paid the claim.

Instant Replay and Orzenhoskie filed a petition for damages in the 22nd Judicial District

Court for the Parish of St. Tammany against Allstate Insurance Company, Don Adoue, Elsie

Callaway, and Wilbur Jordan.  The plaintiffs allege that Adoue was negligent in failing to

recommend flood insurance in August 2005.  Further, Orzenhoskie alleges that Allstate and its

representatives made misrepresentations and failed to pay the sums due under the policy.

Allstate removed the case to federal court, asserting that diversity jurisdiction is present

because Adoue is improperly joined to defeat federal jurisdiction.  Instant Replay filed a motion

to remand.

## II. DISCUSSION

### A.  Legal standard

"Any civil action brought in a state court of which the district courts have original

jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233

F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  Motions to remand to state court are

governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."   "District courts have original jurisdiction over civil actions where the amount in

controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta

Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).

        Improper joinder may be established in two ways:  "(1) actual fraud in the pleading of

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th

Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to

determine whether the plaintiff is able to establish a cause of action against the non-diverse party

is "whether the defendant has demonstrated that there is no possibility of recovery by the

plaintiff against an in-state defendant, which stated differently means that there is no reasonable

basis for the district court to predict that the plaintiff might be able to recover against an in-state

defendant."  Id.  A court may predict whether the plaintiff has a reasonable basis of recovery

under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations

of the complaint to determine whether the complaint states a claim under state law against the in-

state defendant."  Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no

improper joinder."  Id.

**B.  Improper joinder of Adoue**

        The plaintiffs contend that Adoue, the non-diverse defendant, is not improperly joined.

The plaintiffs argue that there is a reasonable basis that they will recover against Adoue on the

claims that he failed to advise regarding flood insurance, failed to increase the content coverage

from $400,000 to $800,000 as requested, and misrepresented rights regarding the policy.

**1. Peremption**

Allstate contends that the claims against Adoue are perempted under La. Rev. Stat.

9:5606.[2]  Allstate argues that the policy was procured in September 1996, and any claim is

beyond the three-year peremptive period of La. Rev. Stat. 9:5606.  Allstate contends that annual

renewals are not separate and independent wrong acts and do not restart the peremptive period.

Generally, subsequent renewals of insurance policies "do not operate to restart

peremption."  Dobson v. Allstate Ins. Co., 2006 WL 2078423 at *8 (E.D. La. 2006) (citing

Biggers v. Allstate Insurance Co., 886 So.2d 1179, 1182-83 (La. Ct. App. 2004)). "In order for

each renewal to be the basis of a separate tort, the complained of conduct must consist of

separate and distinct acts, each of which gives rise to immediately apparent damages."  Biggers,

886 So.2d at 1182; see also Sonnier v. Louisiana Farm Bureau Mutual Ins. Co., 924 So.2d 419,

422 (La.Ct. App. 2006) (a renewal may constitute a separate act if an insured requests specific

coverage at the time of renewal).

---

[2]    La. Rev. Stat. 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other
similar licensee under this state, whether based upon tort, or breach of contract, or
otherwise, arising out of an engagement to provide insurance services shall be
brought unless filed in a court of competent jurisdiction and proper venue within
one year from the date of the alleged act, omission, or neglect, or within one year
from the date that the alleged act, omission, or neglect is discovered or should
have been discovered.  However, even as to actions filed within one year from the
date of such discovery, in all events such actions shall be filed at the latest within
three years from the date of the alleged act, omission, or neglect.

The court finds that the defendant has not established that there is no reasonable basis to predict that separate and distinct act from the original purchase of the policy occurred during the peremptive period.  The plaintiffs allege that Orzehoskie met with Adoue prior to Hurricane Katrina and the September 2005 renewal and requested that the contents limits be increased from $400,000 to $800,000 because the business, at times, had close to $1,000,000 in contents.  The plaintiffs allege that Adoue responded that he did not know the amount of current limits and that they should wait until the policy was renewed in September 2005 before increasing the limits.  The plaintiffs also allege that, in August 2005, during a meeting at the Instant Replay store, Orzenhoskie asked Adoue again if Instant Replay was fully covered for hurricanes.  The plaintiffs filed suit on August 22, 2006; therefore, the suit was filed within the peremptive period of La. Rev. Stat 9:5606.

### 2. Negligence

Alternatively Allstate contends that Ardoue is improperly joined because the plaintiffs cannot establish a cause of action in negligence.  Allstate argues that Adoue had no duty to inquire into the plaintiffs' financial condition or to advise them to carry high limits.

In Karam v. St. Paul Fire & Marine Ins Co., 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance.  The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." Graves v. State Farm Mut. Auto Ins. Co., 821 So.2d 769, 773 (La. Ct. App. 2002). However, an insured is charged with knowledge of the terms of the policy. Dobson v. Allstate Ins. Co., 2007 WL 2078423 at *11 (E.D. La. 2006).

The plaintiffs' allegations that Orzenhoskie spoke to Adoue in the summer of 2005 about increasing contents coverage and questioned him about the adequacy of the coverage because the inventory was increasing are sufficient to survive a Rule 12(b)(6) challenge for failure to state a claim that Adoue assumed a duty greater than merely procuring insurance. Accordingly, the court finds that Allstate has not established that there is no reasonable basis to predict that the plaintiffs may recover against Adoue on the state law claim. Allstate has not established improper joinder, and the motion to remand to state court is granted.

New Orleans, Louisiana, this ___12th___ day of June, 2007.

_____

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**